OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 18, 2000

The Honorable Florence Shapiro
Chair, Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0258

Re: Authority of a peace officer to detain a motorcyclist riding without a helmet to determine whether the motorcyclist has liability insurance (RQ-0216-JC)

Dear Senator Shapiro:

You have asked this office whether a peace officer has "the authority to stop a motor cycle driver who is obviously over 21 years of age, not wearing a helmet, and not displaying a sticker as required by [section 661.003(d)] of the Transportation Code, for the sole purpose of determining whether they are in compliance with the law concerning carrying liability insurance?" Letter from Honorable Florence Shapiro, Chair, Committee on State Affairs, Texas State Senate, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (May 5, 2000) (on file with Opinion Committee). We conclude that a peace officer has the authority to stop a motorcyclist not wearing a helmet or a motorcyclist whose passenger is not wearing a helmet, as required by section 661.003(a) and (b), if the sticker issued pursuant to section 661.003(d) is not visible to the officer, because such a person appears to be committing a misdemeanor "punishable by a fine of not less than $10 or more than $50." TEX. TRANSP. CODE ANN. § 661.003(h) (Vernon Supp. 2000).

Section 661.003(a) of the Transportation Code makes it an offense to operate or ride as a passenger on a motorcycle on a public street or highway without protective headgear that meets safety standards adopted by the Texas Department of Public Safety. See id. § 661.003(a). Section 661.003(b) makes it an offense to carry a passenger not wearing such headgear on a motorcycle. However, a person required to wear such headgear is excepted from subsections (a) and (b) provided he or she is at least 21 years old, and has either successfully completed a motorcycle training and safety course or is covered by a health insurance plan providing for at least $10,000 of medical benefits for motorcycle accident-related injuries. See id. § 661.003(c). Evidence that one has fulfilled these conditions may be afforded by a sticker issued by the Department of Public Safety pursuant to section 661.003(d). "A person operating or riding as a passenger on a motorcycle that displays on the license plate of the motorcycle or the license plate mounting bracket a sticker issued by the department under Subsection (d) is presumed to have successfully completed the training and safety course described by Subsection (c) or to have the insurance coverage described by that subsection." Id. § 661.003(g).

As we understand your question, it is whether a peace officer may stop a motorcycle rider not wearing a helmet who fails to display the sticker in question, and thereupon to inquire as to whether the rider has the requisite insurance. We conclude that in such a case the officer is acting properly. In this circumstance, so far as the officer can tell the motorcyclist is violating the helmet law. The officer has the power, pursuant to article 2.13 of the Code of Criminal Procedure, to stop a motorcyclist he perceives to be committing a misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 2.13(a) (Vernon Supp. 2000).

A representative of the Texas Motorcycle Rights Association argues that motorcyclists' rights are violated when they are stopped in the situation you describe: "If we are driving our automobile, despite a law that requires that we have insurance to do so, we are assumed to be in compliance and not subject to stop. I[f] we are on our motorcycle aren't we accorded the same privilege of assumed compliance . . . ?" Letter from Sputnik, State Chairman, Texas Motorcycle Rights Association, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (Apr. 25, 2000) (on file with Opinion Committee). This argument is unavailing.

The situation which is most directly analogous to driving a motorcycle without a helmet and without the requisite sticker is driving an automobile without the valid inspection sticker required by section 548.602 of the Transportation Code. The operator of such a car may expect to be pulled over just as certainly as the helmetless motorcycle rider. The sticker mandated by the helmet law and the inspection sticker serve precisely the same function in these situations. They are meant to inform the police that the operators of these vehicles are acting within the law. The absence of either of these stickers, on the other hand, suggests that such is not the case. In either instance, then, it is reasonable for the police to stop the vehicle to insure compliance.

Accordingly, we conclude that a peace officer has the authority to stop a person operating a motorcycle without a helmet, or carrying a passenger without a helmet, if the motorcycle operator does not display on his license plate or license plate mounting bracket a sticker issued pursuant to section 661.003(d) of the Transportation Code.

# S U M M A R Y

A peace officer has the authority to stop a person operating a motorcycle without a helmet, or carrying a passenger without a helmet, if the motorcycle operator does not display on his license plate or license plate mounting bracket a sticker issued pursuant to section 661.003(d) of the Transportation Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee